

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# USA v. Hylton

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hylton" (2007). *2007 Decisions*. Paper 89.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/89

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2611

UNITED STATES OF AMERICA

v.

FRANK COURTNEY HYLTON,
a/k/a
FRANK BROWN

Frank Courtney Hylton,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 05-cr-00366)
District Judge:  The Honorable Jose L. Linares

Submitted Under Third Circuit LAR 34.1(a)
November 30, 2007

Before: BARRY, FUENTES, Circuit Judges, and DIAMOND,[*] District Judge

(Opinion Filed:  December 12, 2007)

OPINION

_____

[*] The Honorable Paul S. Diamond, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Appellant Frank Hylton appeals the District Court's order denying his motion to dismiss the indictment charging him with illegal reentry of a removed alien under 8 U.S.C. § 1326(a) and (b)(2). Because Hylton's claims are foreclosed by our decision in *United States v. Torres*, 383 F.3d 92 (3d Cir. 2004), we will affirm.

## I.

Hylton, a citizen of Jamaica, entered the United States as a permanent resident in 1987 at the age of sixteen. On April 11, 1994, he pleaded guilty in the Superior Court of New Jersey to a felony count of possession of cocaine, and was sentenced to three years probation (the "Bergen County Conviction"). On January 31, 1996, he was convicted of several felony counts in New Jersey, including one count of possession with intent to distribute marijuana within one thousand feet of a school, and was sentenced to five years in prison with a three-year parole ineligibility (the "Essex County Conviction"). During his incarceration, the Immigration and Naturalization Service ("INS") commenced removal proceedings against him.[1] On June 3, 1999, an Immigration Judge ("IJ") ordered him removed on two independent grounds: (1) commission of an aggravated felony, based on the Essex County Conviction; and (2) commission of a controlled substance

---

[1] The INS issued an Order to Show Cause ("OSC") on July 31, 1996 and served the OSC on Hylton on September 5, 1996. However, the INS did not file the OSC at that time and did not file any charging document until January 20, 1999, when it filed a Notice to Appear ("NTA") with the Immigration Court.

offense, based on both the Essex County Conviction and the Bergen County Conviction. After an untimely appeal to the Board of Immigration Appeals, two motions to reopen, and an unsuccessful habeas petition, Hylton was removed on December 18, 2000.

At some point after he was removed, Hylton returned to the United States and, on November 21, 2002, was arrested by police in Orange, New Jersey. On May 11, 2005, a federal grand jury returned an indictment charging him with illegal reentry under 8 U.S.C. § 1326(a) and (b)(2) and alleging that he had been removed after committing an aggravated felony.[2] Hylton moved to dismiss the indictment by collaterally attacking the underlying removal order and arguing, among other things, that his removal proceedings were fundamentally unfair. On October 6, 2005, the District Court denied the motion.

On December 22, 2005, the government filed a superceding information, charging Hylton with illegal reentry under 8 U.S.C. § 1326(a) and (b)(1) and alleging that he had been removed after committing "two separate felony offenses." (A144.) On that same date, following a short bench trial, Hylton was convicted. He filed a timely notice of appeal of the District Court's denial of his motion to dismiss.[3]

On appeal, Hylton collaterally attacks the underlying removal order by contending

---

[2] The delay between the arrest and the indictment appears to have been the result of Hylton giving police an alias when he was apprehended. Eventually, police were able to determine Hylton's actual identity through fingerprint analysis. (PSR ¶¶ 10-11.)

[3] Although Hylton failed to file his notice of appeal within 10 days after entry of judgment as required under Fed. R. App. P. 4(b)(1)(A), he obtained from the District Court an extension of time within which to file his notice of appeal pursuant to Fed. R. App. P. 4(b)(4) and filed that notice within the time allotted by the District Court.

that the IJ committed two legal errors during the removal proceedings that rendered those proceedings fundamentally unfair. He argues that the IJ erred in finding (1) that the Essex County Conviction was an aggravated felony, and (2) that removal proceedings commenced against him in 1999 (when the NTA was filed) rather than in 1996 (when the OSC was issued). As a result of these errors, according to Hylton, the IJ wrongly considered him ineligible for discretionary relief from removal under § 212(c). He claims that these errors of law, "in their totality" (Appellant's Br. 59.), rendered his removal proceedings fundamentally unfair.[4]

## II

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Hylton's motion to dismiss *de novo*. *Torres*, 383 F.3d at 95.

## III

In *Torres*, we held that, for purposes of illegal reentry proceedings in which the defendant seeks to collaterally attack the underlying removal order, there is "no fundamental unfairness in [an IJ] failing to consider an alien for 212(c) relief," even when such failure is based on the IJ's erroneous interpretation of law. *Torres*, 383 F.3d at 104-06. We reasoned that fundamental unfairness in that context was a question of due process, and "[w]ithout more, an error of law will ordinarily not rise to the level of a due

---

[4]Hylton actually identifies three alleged legal errors. However, the third such error, "the fact that [Hylton] was erroneously considered ineligible for § 212(c) relief," is merely the result of the other two alleged errors. (*See* Appellant's Br. 59.)

process violation." *Id.* at 104. Moreover, because "removal proceedings are civil in nature[,] ...the procedural protections accorded to [aliens] in that context measure less than the panoply available to a criminal defendant." *Id.* at 103 (citations omitted). Instead, "in the removal context, 'due process requires that an alien who faces [removal] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard.'" *Id.* at 104 (alteration in original) (citation omitted). Finally, we held that no alien could have a due process interest in potential § 212(c) relief because such relief was "a matter of grace rather than of right." *Id.* at 104-05 ("Even if Torres had presented a most sympathetic and compelling case for granting section 212(c) relief, nothing would have required the IJ to actually grant that relief.").

Hylton's appeal falls squarely under *Torres*. He attempts, however, to distinguish *Torres* by alleging that the IJ committed multiple legal errors that, "in their totality," rendered his removal proceedings fundamentally unfair. Regardless of the number of alleged legal errors, the result of those errors – the IJ's failure to consider him for § 212(c) relief – presents the same situation as was presented in *Torres*. Although Hylton argues that the IJ's legal errors "went to the 'question of procedure' and the opportunity to be heard 'in a meaningful manner'" (Appellant's Br. 60), the only harm he can point to is the failure to be considered for § 212(c) relief, which under *Torres* is insufficient to

render his proceedings fundamentally unfair.[5]

Hylton received "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Torres*, 383 F.3d at 104. Accordingly, the requirements of due process were met and his removal proceedings were not fundamentally unfair.[6]

**IV**

For the foregoing reasons, we will affirm the order of the District Court.

---

[5] Hylton makes vague reference to additional harmful consequences of the IJ's alleged errors, such as being "effectively permanently barred from ever returning to the United States," being "subject to enhanced criminal penalties should he ever return to the United States without authorization," being "barred from seeking voluntary departure" and being "subject to mandatory detention, without bond if he returns to the United States." (Appellant's Br. 51-52.) However, these substantive consequences of the IJ's alleged legal errors do not render the removal proceedings procedurally defective. Hylton also suggests that he was wrongly denied direct judicial review, thus rendering his removal proceedings fundamentally unfair. (Appellant's Br. 48.) Under 8 U.S.C. § 1326(d), however, a defendant collaterally attacking the underlying removal order must show *both* that the defendant was denied a meaningful opportunity for judicial review *and* that the removal order was fundamentally unfair. Therefore, even if Hylton could show that he was denied meaningful judicial review, that would not be enough. *See Torres*, 383 F.3d at 102-03 (appellant "cannot establish that his removal order was 'fundamentally unfair' as required by section 1326(d)(3)...[even] assum[ing], *arguendo*, that [he] was denied a meaningful opportunity for judicial review").

[6] Because we hold that Hylton's claims are foreclosed by *Torres*, it is unnecessary for us to reach his contention that the IJ's rulings were, in fact, erroneous.

6